THE BOARD OF COUNTY COMMISSIONERS OF LINCOLN
COUNTY, AND J. W. McREYNOLDS, *Treasurer*, v.
R. F. BRYANT.

**No. 282.**

TAXATION — *Unequal Assessment — Remedy for.* The collection of
a tax will not be enjoined on the ground of a merely excessive or
unequal assessment where no principle of law is violated in mak-
ing the assessment and the complaint is of an error of judgment
only. In such case the remedy is provided for by statute in the
board of equalization.

Error from Lincoln district court; W. G. EASTLAND,
judge. Opinion filed April 11, 1898. Reversed.

*David Ritchie*, and *F. H. Dunham*, for plaintiffs in
error.

*E. A. McFarland, C. B. Daughters*, and *Geo. D. Abel*,
for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : The defendant in error brought an
action against the board of commissioners and the
county treasurer of Lincoln county to enjoin the col·
lection of a part of the taxes levied upon his property
in the city of Lincoln Center, charging that the board
of commissioners, sitting as a board of equalization,
had fraudulently, corruptly and oppressively placed
an excessive valuation upon his property. A tempo-
rary injunction was allowed by the probate court, and,
upon the hearing, made perpetual.

There is no evidence in the record of any corrup-
tion. There is no pretense upon the part of either
the defendant in error or counsel that there was any
fraud or corruption, but a mere mistake as to the
value of the property, or rather a disagreement be-

tween the board of commissioners and the defendant in error as to the value of the property.

The assessment complained of was made in the year 1894. The assessors for the county of Lincoln for that year, by agreement, assessed all of the property at what they assumed to be its actual cash value. The board of commissioners, as a board of equalization, reduced this assessment so as to correspond, as nearly as they could ascertain, with the assessed valuation of property in other counties in the state. The principal contention is that in doing this the board of equalization reduced the property outside of the city of Lincoln a greater per cent. than they did that in the city. This is explained by the evidence of the commissioners that the property in the city was assessed by the city assessor at an estimated cash value lower in proportion than the property outside the city, and consequently it was entitled to a less reduction in order to make it correspond with the property in other counties. So that there is nothing upon which to base an injunction but a mere difference in judgment as to the value of the property. However, the court in its findings bases the perpetual injunction upon the fact that in the subsequent year (1895) the board did reduce this and all other property on a particular street, and this property in particular $1000, which is the basis for the amount upon which the defendant in error desired to pay taxes for the year 1894.

There is clearly no ground for an injunction. The tax was legal. The proceedings of the board were regular; due notice was given of the equalization for the year 1894. The defendant in error appeared before the board and obtained a reduction, in addition to that made by the commissioners upon their own motion, of $1000 upon his property.

Justice Cooley, in his admirable work on Taxation, page 528, says:

"But for a merely excessive or unequal assessment, where no principle of law is violated in making it, and the complaint is of an error of judgment only, the sole remedy is an application for an abatement, either to the assessors or to such statutory board as has been provided for hearing it. If fraud is charged, equity may interfere, but equity has no jurisdiction under its general powers to correct a merely unequal or unjust assessment when there is a statutory board that may do so."

This statement of the law admirably fits the facts in this case. The judgment of the court is without authority of law, and is reversed, and the case is remanded to the court below with direction to dismiss the plaintiff's petition.

McELROY, J., concurring.

WELLS, J., dissenting.